# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CV-00030-RJC-DSC

| | |
|---|---|
| A.C., a minor, by her parent HIND BOUABID, <br>         Plaintiffs, <br><br> v. <br><br> CHARLOTTE MECKLENBURG SCHOOLS BOARD OF EDUCATION, NORTH CAROLINA STATE BOARD OF EDUCATION, MARK JOHNSON, State Superintendent of Public Instruction in his official and individual capacity, SHERRY H. THOMAS, NC Department of Public Instruction Interim Director of Exceptional Children in her official and individual capacity, ANN W. STALNAKER, Assistant Superintendent for Programs for Exceptional Children in her official and individual capacity, ERIC MATTHEW BAILEY, Exceptional Children's Community Coordinator in his individual and official capacity, AMANDA MCPETERS, Exceptional Children's Case Manager/Exceptional Children's Teacher in her individual and official capacity, <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on State Defendants' "Motion to Dismiss" (Doc. 9), Individual Defendant's Mark Johnson's and Sherry H. Thomas' "Motion to Dismiss," (Doc. 15) and Plaintiff's "Response in Opposition . . . [to Defendants'] Motion[s] to Dismiss" (Doc. 18), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and these Motions are ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motions to Dismiss be <u>granted</u> as discussed below.

## I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff A.C. filed a Petition for Contested Case Hearing on October 2, 2017, alleging denial of a free appropriate public education ("FAPE") regarding her Individualized Education Program ("IEP"). A.C. sought relief under the Individuals with Disabilities Education Act ("IDEA"). A.C. is diagnosed with Developmental Delay, Intellectual Disability – Moderate and Autism. A hearing was held before an Administrative Law Judge ("ALJ") on nonconsecutive dates between January and March 2018. The ALJ entered a decision on June 8, 2018 finding that A.C. showed a right to relief regarding the lack of benchmarks or other measurable criteria in her IEP as they pertained to a least restrictive environment. The decision allowed for an appeal to be taken to the North Carolina State Board of Education ("Board") within thirty days of receipt of the decision.

Plaintiff and Defendant Charlotte Mecklenburg Schools Board of Education ("CMS") appealed the ALJ's decision to the Office of Administrative Hearings ("OAH") on Monday, July 9, 2018. The Board determined that both appeals were untimely. Both parties emailed the Dispute Resolution Consultant for the North Carolina Department of Public Instruction ("DPI") and requested reconsideration of the Board's determination. Those requests were denied, and the parties again requested review of the decision, this time by either the Attorney General or the State Review Hearing Officer ("SRO"). That request was granted on October 11, 2018. The Board's

decision was upheld on October 18, 2018. In the SRO's decision, both parties were advised of their right to initiate a civil action in state or federal court "based on this Decision"- meaning the Decision on the timeliness of the appeals rather than the merits of the case.

Plaintiff filed her Complaint in this action on January 21, 2019 alleging (1) failure to provide A.C. a FAPE in violation of IDEA, (2) discriminatory conduct against Plaintiff based upon A.C.'s disability in violation of Section 504 of the Rehabilitation Act ("Section 504") and Title II of the Americans with Disabilities Act ("ADA"), and (3) deprivation of Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983.

## II. DISCUSSION

Fed. R. Civ. P. 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. The court should grant a 12(b)(1) motion "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg & Potomoc R.R. Co. v. U.S., 945 F.2d 765, 768 (4th Cir. 1991). Individuals seeking relief under IDEA must exhaust their administrative remedies before filing a civil action. 20 U.S.C. § 1415(i)(2).

North Carolina follows a two-tiered administrative review process. First, an ALJ conducts the due process hearing required by IDEA. N.C. Gen. Stat. § 115C-109.6(f). Second, an aggrieved party may seek review of the first-tier decision by filing a written notice of appeal with the North Carolina State Board of Education, Exceptional Children Division "within 30 [thirty] days after receipt of notice of the decision." N.C. Gen. Stat. § 115C-109.9(a), 109.6(g). After a SRO reviews the merits of the ALJ's decision in accordance with 20 U.S.C. § 1415(g), 34 CFR § 300.514, N.C. Gen. Stat. § 115C-109.9, and renders a decision, a party may bring a civil action in federal or state

court. N.C. Gen. Stat. § 115C-109.9(d). In a two-tiered administrative review process, a first-tier decision that is not appealed is final. 34 CFR § 300.514;

The Fourth Circuit has held that a plaintiff's failure to exhaust administrative remedies available under IDEA deprives the court of subject matter jurisdiction. M.M. v. Sch. Dist. of Greenville Cnty., 303 F.3d 523, 526 (4th Cir. 2002). See also, E.L. v. Chapel Hill-Carrboro Bd. of Educ., 773 F.3d 509, 516 (4th Cir. 2014)(because student failed to properly appeal ALJ's decision to state review officer, student failed to exhaust administrative remedies).

Parties may not circumvent the exhaustion requirement by cloaking their IDEA claim under the guise of another law that does not require exhaustion such as § 1983, Section 504, or the ADA. See, J.S. v. Isle of Wight Cnty. Sch. Bd., 402 F.3d 468, 480 (4th Cir. 2005). In Fry v. Napoleon Cmty. Sch., the Supreme Court held that the "exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a FAPE," and "[i]f a lawsuit charges such a denial, a plaintiff cannot escape § 1415(l) merely by bringing her suit under a statue other than the IDEA." 137 S.Ct. 743, 747 (U.S. 2017).

In determining whether the substance of a complaint concerns the denial of FAPE, the Supreme Court held that courts may consider (1) "Could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school, . . .?" and (2) "[C]ould an adult at the school [such as an employer or visitor] have pressed essentially the same grievance?" Id. at 747. If the answers are "no," "the complaint probably does concern a FAPE." Id. In addition, "prior pursuit of the IDEA's administrative remedies may provide strong evidence that the substance of a plaintiff's claim concerns the denial of a FAPE." Id.

The Fourth Circuit has not expressly ruled on whether IDEA's exhaustion requirements apply to § 1983 claims. However, the Eight Circuit determined that IDEA's exhaustion

4

requirement applies to any complaint alleging denial of FAPE. J.M. v. Francis Howell Sch. Dist., 850 F.3d 944, 950 (8th Cir. 2017); See also, Cave v. East Meadow Union Free Sch. Dist., 514 F.3d 240 (2d Cir. 2008); Rose v. Yeaw, 214 F.3d 206 (1st Cir. 2000).

Plaintiff failed to file a timely appeal with the SRO. At the first step of the administrative process, the ALJ entered a decision on June 8, 2018 and noted that an appeal may be taken to the Board within thirty days of receipt of the decision. Plaintiff filed an appeal of the ALJ's decision with the OAH on July 9, 2018. The Policies Governing Services for Children with Disabilities defines "day" as a calendar day. N.C. 1500-2.6 d. Plaintiff was required to file her appeal on or before July 8, 2018. The SRO properly held that Plaintiff's appeal was untimely. Plaintiff admits there was no final ruling in this matter by the SRO on the facts of the case. (Doc. 18 at 7). Because the SRO's decision did not include a review of the record, but rather a determination of the timeliness of the filing, Plaintiff has failed to exhaust her administrative remedies and this Court lacks subject matter jurisdiction over the IDEA claim.

Plaintiff also brings claims under § 1983, Section 504, and the ADA. Each claim encompasses issues of FAPE, evaluation, special education, and placement, which require an administrative hearing if brought under IDEA. See, 20 U.S.C. § 1415(f).

Plaintiff's Section 504 claim is based on allegations that Defendant denied FAPE, and failed to provide reasonable accommodations and placement with non-disabled peers. Plaintiff's ADA claim is also based on a denial of FAPE, specifically failure to provide A.C. with appropriate educational aids and services, and retaliation against A.C.'s parents for asserting her rights. Plaintiff's § 1983 claim stems from the Board's response to the provision of special education and related services, evaluation, placement, and procedural safeguards under IDEA. Therefore, the § 1983 claim ultimately states a denial of FAPE by the Board.

Applying the framework established in Fry v. Napoleon Cmty. Sch., Plaintiff could not have brought essentially the same claims if the alleged conduct had occurred at a public facility other than a school. 137 S.Ct. at 747. Similarly, an adult at the school could not have brought essentially the same claim. Id. Finally, Plaintiff's pursuit of IDEA's administrative remedies provides "strong evidence that the substance of a plaintiff's claim concerns the denial of FAPE." Id. Because Plaintiff did not allege discrimination in her contested hearing, request an impartial hearing on the above-mentioned claims, or engage in the appeal process, she has failed to exhaust her administrative remedies. Accordingly, this Court lacks subject matter jurisdiction as to those claims.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss" be **GRANTED** and that the Complaint be **DISMISSED WITH PREJUDICE**.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v.

Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: August 1, 2019

David S. Cayer
United States Magistrate Judge