UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00030-RJC-DSC

| | |
|---|---|
| HIND BOUABID, as lawful guardian ad litem of Minor Child A.C., ) ) ) Plaintiff, ) ) v. ) ) CHARLOTTE MECKLENBURG SCHOOLS ) BOARD OF EDUCATION, NORTH ) CAROLINA STATE BOARD OF ) EDUCATION, MARK JOHNSON, State ) Superintendent of Public Instruction, in his ) official and individual capacity, SHERRY H. ) THOMAS, North Carolina Department of ) Public Instruction Interim Director of ) Exceptional Children, in her official and ) individual capacity, ANN W. STALNAKER, ) Assistant Superintendent for Programs for ) Exceptional Children, in her official and ) individual capacity, ERIC MATTHEW ) BAILEY, Exceptional Children's ) Community Coordinator, in his individual ) and official capacity, and AMANDA ) MCPETERS, Exceptional Children's Case ) Manager/Exceptional Children's Teacher, in ) her individual and official capacity, ) ) Defendants. ) | ORDER |

**THIS MATTER** comes before the Court on Defendants' Motions to Dismiss, (Doc. Nos. 9 and 15), and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 21).

I. BACKGROUND

Plaintiff A.C. is a minor child with autism. Since 2006, A.C. has been enrolled

in the Charlotte Mecklenburg School System and has received services under the Individuals with Disabilities Education Act (the "IDEA"). On October 2, 2017, Plaintiff, by and through her mother Hind Bouabid, filed a petition for a hearing with the Office of Administrative Hearings ("OAH") alleging that Defendant Charlotte Mecklenburg Schools Board of Education ("CMBE") failed to provide Plaintiff with a Free and Appropriate Public Education ("FAPE") as required by the IDEA. Plaintiff specifically challenged her Individualized Education Programs ("IEP") for the 2016–2017 and 2017–2018 school years. Following a hearing before an Administrative Law Judge ("ALJ"), the ALJ issued a written decision on June 8, 2018 finding in favor of Plaintiff on two issues but denying Plaintiff relief on five issues. On July 9, 2018, Plaintiff and CMBE filed their respective appeals of the ALJ's decision with Defendant North Carolina State Board of Education's ("SBE") Department of Public Instruction, Exceptional Children's Division. The SBE appointed a Review Officer ("SRO") who issued a decision on October 24, 2018 concluding that Plaintiff's and CMBE's appeals were untimely.

On January 21, 2019, Plaintiff initiated this action in which she brings the following claims: (1) appeal of SRO decision; (2) appeal of OAH decision; (3) disability-based discrimination in violation of Section 504 of the Rehabilitation Act of 1973; (4) disability-based discrimination in violation of Title II of the Americans with Disabilities Act ("ADA"); and (5) violation of the Equal Protection Clause under 42 U.S.C. § 1983. Defendants CMBE, Ann W. Stalnaker, Eric Matthew Bailey, and Amanda McPeters (the "County Defendants") and Defendants SBE, Mark Johnson,

and Sherry H. Thomas (the "State Defendants") filed separate motions to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6). In the M&R, the Magistrate Judge concluded that Plaintiff's appeal to the SBE was untimely and, thus, Plaintiff failed to exhaust her administrative remedies under the IDEA, depriving the Court of subject matter jurisdiction over the Complaint. Accordingly, the Magistrate Judge recommended that this Court grant Defendants' motions. Plaintiff timely filed objections to the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction. When, as here, defendant challenges the court's subject matter jurisdiction based solely on the contents of the complaint, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). That is, "the facts alleged in the complaint are taken as true, and the defendant's challenge must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Beck v. McDonald, 848 F.3d 262, 270 (4th Cir. 2017) (quotation marks omitted).

3

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint. Fannie Mae v. Quicksilver LLC, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.

At the same time, specific facts are not necessary; the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. Papasan v. Allain, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III. DISCUSSION

The M&R determined that Plaintiff's appeal of the ALJ's decision was untimely. Based on this determination, the M&R concluded that Plaintiff failed to exhaust her administrative remedies under the IDEA and, accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff objects to the M&R's conclusion that Plaintiff's appeal of the ALJ's decision was untimely. As explained more fully below, the Court concludes that Plaintiff's appeal was timely. Therefore, Plaintiff exhausted her administrative remedies, the Court has subject matter jurisdiction over Plaintiff's claims, and the Court must address the remaining bases for Defendants' motions to dismiss.

### A. Timeliness of Appeal and Exhaustion of Administrative Remedies

"The IDEA provides funds for states to educate children with disabilities, subject to conditions imposing substantive requirements on the education that is provided." R.F. v. Cecil Cty. Pub. Sch., 919 F.3d 237, 241 (4th Cir. 2019). "In return for the receipt of federal education funding, states are required by the IDEA to provide each of their disabled children with a FAPE." M.M. v. Sch. Dist., 303 F.3d 523, 526 (4th Cir. 2002). "[A] FAPE comprises 'special education and related services'—both 'instruction' tailored to meet a child's 'unique needs' and sufficient 'supportive services' to permit the child to benefit from that instruction." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 748–49 (2017) (quoting 20 U.S.C. § 1401(9), (26), (29)).

"The mechanism by which a state provides a FAPE is an IEP—a document that

describes the child's unique needs and the state's plan for meeting those needs." R.F., 919 F.3d at 241. "The IEP is to be formulated by an IEP Team consisting of the child's parents, one of the student's regular teachers, a special education teacher, a representative of the school board, an individual who can interpret evaluation results and, whenever appropriate, the disabled child." A.B. v. Lawson, 354 F.3d 315, 319 (4th Cir. 2004). An IEP must contain a statement of the child's present levels of academic achievement and functional performance, measurable annual goals designed to meet the child's unique needs, a description of how the child's progress towards those goals will be measured, the special education and related services that will be provided to the child, and an explanation of the extent to which the child will not participate with nondisabled children in the regular class. 20 U.S.C. § 1414(d)(1)(A)(i).

"Because parents and school representatives sometimes cannot agree on such issues, the IDEA establishes formal procedures for resolving disputes." Fry, 137 S. Ct. at 749. The IDEA allows states to choose between a one- or two-tiered system of administrative review. G.L. v. Chapel Hill-Carrboro Bd. of Educ., 975 F. Supp. 2d 528, 531 (M.D.N.C. 2013). North Carolina provides a two-tiered administrative review process. Id. at 532; see also N.C. Gen. Stat. §§ 115C-109.6, -109.9. First, a party may file with the OAH a petition for a due process hearing regarding "any matter relating to the identification, evaluation, or educational placement of a child, or the provision of a [FAPE]." N.C. Gen. Stat. § 115C-109.6(a). The OAH appoints an ALJ to conduct the hearing, who then must issue a written decision containing

6

findings of fact and conclusions of law.  Id. § 115C-109.6(f).  Second, a party may appeal the ALJ's decision to the SBE who appoints an SRO to conduct an impartial review of the ALJ's findings and issue an independent decision.  Id. § 115C-109.9(a).  A party must exhaust these administrative procedures before bringing an action under the IDEA in court.  20 U.S.C. § 1415(l); Fry, 137 S. Ct. at 752.  The exhaustion requirement also applies to claims under the ADA, the Rehabilitation Act, or other similar laws that, in substance, seek relief for the denial of a FAPE.  20 U.S.C. § 1415(l); Fry, 137 S. Ct. at 752.  Failure to exhaust the IDEA's administrative procedures deprives a court of subject matter jurisdiction over actions seeking relief for the denial of a FAPE.  M.M., 303 F.3d at 536.

Here, Plaintiff completed the first tier of the administrative review process by filing a petition for a hearing with the OAH; however, the M&R concluded that Plaintiff failed to exhaust the IDEA's administrative procedures because Plaintiff's appeal of the ALJ's decision to the SBE was untimely and she thus did not engage in the second tier of the review process.

Under N.C. Gen. Stat. § 115C-109.9(a), a party may appeal the ALJ's decision to the SBE "within 30 days after receipt of notice of the decision."  The ALJ issued her decision on June 8, 2018, and the parties do not dispute that they received it that same day.  The thirtieth day thereafter fell on Sunday, July 8, 2018.  As a result, Plaintiff filed her appeal to the SBE on Monday, July 9, 2018.  In concluding that Plaintiff's appeal was untimely, the SRO and the M&R relied on the SBE's Policies Governing Services for Students with Disabilities.  Like section 115C-109.9(a), the

7

policies provide that a party may appeal the ALJ's decision "within 30 days." Policies § 1504-1.15(b)(1).[1] The policies define "day" as a "calendar day unless otherwise indicated as a business day or school day." Id. § 1500-2.6(a). Based on the policies' definition of "day," the SRO and the M&R concluded that the last day on which Plaintiff could appeal the ALJ's decision was Sunday, July 8, 2018, and Plaintiff's appeal filed on Monday, July 9, 2018 was untimely.

The North Carolina General Statutes, rather than the policies promulgated by the SBE, govern the timeliness of Plaintiff's appeal. N.C. Gen. Stat. § 1-593 expressly states that "[t]he time within which an act is to be done, as provided by law, shall be computed in the manner prescribed by Rule 6(a) of the Rules of Civil Procedure." Rule 6(a) states:

> The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday when the courthouse is closed for transactions, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions.

N.C. Gen. Stat. § 1A-1, Rule 6(a).

As the last day of the thirty-day appeal period fell on Sunday, July 8, 2018, the period continued to run until the end of the next day, Monday, July 9, 2018. Therefore, Plaintiff's appeal filed on July 9, 2018 was timely.

Although the SRO's decision was not on the merits of Plaintiff's asserted IDEA violations, the Court concludes that, under the circumstances of this case, Plaintiff

---

[1] The policies are available at https://ec.ncpublicschools.gov/policies/nc-policies-governing-services-for-children-with-disabilities.

has exhausted her administrative remedies. This is not a case in which there are "no administrative 'findings or decision' regarding the merits of [plaintiff]'s claim for the district court to review." M.E. v. Buncombe Cty. Bd. of Educ., 72 F. App'x 940, 941 (4th Cir. 2003) (concluding that the district court did not have jurisdiction to consider the merits of plaintiff's IDEA claim because the ALJ incorrectly dismissed the claim as untimely at the first tier of the review process such that there was no administrative decision on the merits for the court to review). Here, the ALJ issued findings and a decision on the merits of Plaintiff's claim at the first tier of administrative review, Plaintiff timely appealed the ALJ's decision to the SBE, and the SRO incorrectly ruled that the appeal was untimely. Thus, the Court concludes that Plaintiff has exhausted her administrative remedies.

Having concluded that the Court has subject matter jurisdiction over Plaintiff's claims, the Court turns to the remaining bases for Defendants' motions to dismiss.

### B. Rehabilitation Act and ADA Claims

Plaintiff brings claims for disability-based discrimination in violation of Section 504 of the Rehabilitation Act and Title II of the ADA. Plaintiff alleges that Defendants failed to provide Plaintiff with a FAPE and excluded Plaintiff from participating in the regular education environment with her nondisabled peers. Defendants argue that the Complaint fails to state a claim for violation of section 504 or the ADA because it is devoid of allegations that Defendants acted with bad faith or gross misjudgment.

"Title II of the ADA and § 504 of the Rehabilitation Act cover people with

9

disabilities of all ages, and do so both inside and outside schools." Fry, 137 S. Ct. at 756. Title II prohibits public entities from discriminating against disabled persons or excluding such persons from participating in, or denying them the benefits of, the services, programs, or activities of the public entity "by reason of" their disability. 42 U.S.C. § 12132. Section 504 prohibits federal grantees from discriminating against an "otherwise qualified individual with a disability" or excluding such individual from participating in, or denying her the benefits of, a program or activity "by reason of" her disability. 29 U.S.C. § 794(a). "[T]o prove a violation of either Act, the plaintiff must establish that (1) he has a disability, (2) he is otherwise qualified to participate in the defendant's program, and (3) he was excluded from the program on the basis of his disability." Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 461 (4th Cir. 2012) (footnote omitted).

In the Fourth Circuit, a claim under section 504 or the ADA in the context of the education of disabled children requires "something more than a mere failure to provide the [FAPE] required by [the IDEA]." Sellers v. Sch. Bd., 141 F.3d 524, 529 (4th Cir. 1998); Vlasaty v. Wake Cty. Pub. Sch. Sys. Bd. of Educ., No. 5:17-cv-578-D, 2018 U.S. Dist. LEXIS 160808, at *21 (E.D.N.C. Sept. 20, 2018). In such a context, Plaintiff must allege either bad faith or gross misjudgment. Sellers, 141 F.3d at 529; Vlasaty, 2018 U.S. Dist. LEXIS 160808, at *21. "This additional element is required in the educational context to distinguish an IDEA violation for failing to provide a [FAPE], which does not require bad faith or gross misjudgment and which cannot result in the imposition of monetary damages, from a Rehabilitation Act [or ADA]

10

violation for the same failure." Godbey v. Iredell Mem'l Hosp., Inc., No. 5:12-cv-00004, 2013 U.S. Dist. LEXIS 117129, at *19 (W.D.N.C. Aug. 19, 2013). In addition, "[s]uch a high bar in this specific context is justified by the delicate role that courts play in reviewing education decisions." K.D. v. Starr, 55 F. Supp. 3d 782, 789 (D. Md. 2014). "The bad faith or gross misjudgment standard is extremely difficult to meet, given the great deference that courts afford local school officials' educational judgments." Vlasaty, 2018 U.S. Dist. LEXIS 160808, at *21–22 (quotation marks omitted); see also K.D., 55 F. Supp. 3d at 790 ("The Fourth Circuit has indicated that allegations of negligence, standing alone, are insufficient."). "Ultimately, plaintiffs must allege that the school's actions depart[ed] substantially from accepted professional judgment, practice or standards as to demonstrate that the persons responsible did not base the decision on such a judgment." D.N. v. Louisa Cty. Pub. Sch., 156 F. Supp. 3d 767, 776 (W.D. Va. 2016) (quotation marks omitted) (alteration in original).

Here, the Complaint lacks factual allegations to support a finding of bad faith or gross misjudgment by Defendants. Plaintiff challenges Defendants' decision to move Plaintiff to a school for disabled children and other aspects of her IEPs for the 2016–2017 and 2017–2018 school years, but the Complaint does not plausibly allege that Defendants substantially departed from accepted professional judgment or standards or otherwise acted in bad faith. See K.D., 55 F. Supp. 3d at 790 (stating that "there must be more than an incorrect evaluation, or a substantively faulty [IEP], in order for liability to exist" (quotation marks omitted)). Therefore, the

11

Complaint fails to state a claim under section 504 and the ADA, and the Court dismisses these claims.

### C. Section 1983 Claim

Defendants argue that the Complaint fails to state a claim under 42 U.S.C. § 1983 because such a claim cannot be based on a violation of the IDEA and the Complaint does not allege a violation of a constitutional right.

"To establish liability under section 1983, a plaintiff must show the defendant, acting under color of law, violated the plaintiff's federal constitutional or federal statutory rights, and thereby caused the complained of injury." Brown v. Mitchell, 327 F. Supp. 2d 615, 628 (E.D. Va. 2004). It is well established that a claim under section 1983 may not be based on a violation of the IDEA. Sellers, 141 F.3d at 529. Instead, Plaintiff alleges that Defendants' actions in failing to provide her with a FAPE and excluding her from the regular education environment with her nondisabled peers violated her rights under the Equal Protection Clause. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Martin v. Duffy, 858 F.3d 239, 252 (4th Cir. 2017). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Here, the Complaint is devoid of allegations identifying students who are

similarly situated to Plaintiff and allegations of any disparate treatment. Therefore, the Complaint fails to state a claim under section 1983, and the Court dismisses this claim.

### D. Appeal of OAH Decision

Plaintiff's sole remaining claim is her second claim appealing the OAH decision on the merits of her asserted IDEA violations.[2] The SBE argues that this claim should be dismissed as to the SBE because the allegations regarding the denial of a FAPE and the IEPs at issue concern only actions taken by CMBE.

The SBE is North Carolina's state educational agency ("SEA") for purposes of the IDEA. The SEA is responsible for assuring that the IDEA's requirements are met. 20 U.S.C. § 1412(a)(11)(A)(i). Thus, "it is the SEA's responsibility to ensure that each child within its jurisdiction is provided a [FAPE]," and "an SEA may be held responsible if it fails to comply with its duty to assure that IDEA's substantive requirements are implemented." Gadsby v. Grasmick, 109 F.3d 940, 952 (4th Cir. 1997). At the same time, however, the SEA "will not be liable in situations where it was neither notified of the relevant decisions nor involved in those decisions in the first place." Carnwath v. Grasmick, 115 F. Supp. 2d 577, 585 (D. Md. 2000). Accordingly, to avoid dismissal of claims against the SEA for failing to provide a FAPE, plaintiff must allege that the SEA, "by [its] involvement in [the child]'s case, share[s] substantial responsibility for the failure to provide [the child] with FAPE."

---

[2] Having concluded that Plaintiff's appeal of the OAH decision to the SBE was timely, the Court has effectively granted the relief requested in Plaintiff's first claim appealing the SRO decision.

13

<u>Id.</u>

Here, the Complaint is devoid of any allegations that the SBE was involved in formulating Plaintiff's IEPs or the decision-making process related thereto. The Complaint is likewise devoid of any allegations that the SBE was notified of those decisions. This is consistent with the IDEA's implementation scheme under which the local educational agency—here, CMBE—is responsible for providing direct services to children with disabilities. <u>Id.</u> ("Because the [local educational agency] is responsible for direct provision of services under IDEA, including IEP development, failures in this area are normally attributable to the [local educational agency]." (citation omitted)). Therefore, the Court dismisses Plaintiff's second claim as to the SBE.

Defendant Stalnaker also argues for dismissal of Plaintiff's second claim as to her. Stalnaker argues that the Complaint does not contain any allegations specific to Stalnaker regarding the OAH proceedings, the ALJ's decision does not reference Stalnaker, and Stalnaker was not a party to the OAH proceedings. Plaintiff did not respond to these arguments for dismissal. As such, Plaintiff has waived any opposition to the dismissal of her second claim as to Stalnaker. <u>Mt. Land Props. v. Lovell</u>, 46 F. Supp. 3d 609, 621 (W.D.N.C. 2014); <u>Jimoh v. Charlotte-Mecklenburg Hous. P'ship</u>, No. 3:08-cv-495-RJC-DCK, 2010 U.S. Dist. LEXIS 46911, at *8 (W.D.N.C. May 12, 2010).

IV. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. The Court declines to adopt the M&R, (Doc. No. 21);

2. The County Defendants' Motion to Dismiss, (Doc. No. 9), is **GRANTED in part** and **DENIED in part**;

3. The State Defendants' Motion to Dismiss, (Doc. No. 15), is **GRANTED**;

4. Plaintiff's claims under the Rehabilitation Act, the ADA, and section 1983 are **DISMISSED**; and

5. Plaintiff's second claim appealing the OAH decision is **DISMISSED** as to the SBE and Stalnaker.

Signed: March 6, 2020

Robert J. Conrad, Jr.
United States District Judge